IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| COLTON WAYNE BEGGS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THE CONTROL GROUP MEDIA COMPANY, INC., INSTANT CHECKMATE, LLLC,<br><br>　　　　　Defendants. | CV 19-106-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Colton Wayne Beggs brings this action against Defendants the Control Group Media Company, Inc. and Instant Checkmate, LLC for defamation, infliction of emotional distress and punitive damages, after Defendants inaccurately identified him as a sex offender through their online background check service.  (Doc. 7.)

Presently before the Court is Defendants' Partial Motion to Dismiss (Doc. 13), which has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B).  The motion is fully briefed and ripe for the Court's review.  (Docs. 14, 16, 18.)

Having considered the parties' submissions, the Court **RECOMMENDS** Defendants' motion be **DENIED**.

/ / /

/ / /

1

# I.     BACKGROUND[1]

Defendants offer online background screening services through their website, www.instantcheckmate.com (the "Website").  The Website offers free information and for-pay information about individuals, including criminal background checks.

Defendants, through the Website, identified Beggs as a sex offender living in Sidney, Montana.  Beggs, however, is not a sex offender.

Beggs acknowledges that he is a convicted violent offender.  In October 2017, Beggs was convicted of Aggravated Assault in North Dakota.[2]  Accordingly,

---

[1] For the purposes of this motion, the Court accepts as true the allegations contained in Beggs' Amended Complaint. *Wyler Summit P'ship v. Turner Broadcasting Sys, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  The Court also takes judicial notice of the criminal judgment in *State of North Dakota v. Beggs*, Case No. CR-17-2017-CR-7 (N.D. Dist. Ct. Oct. 20, 2017) and the Montana Department of Justice Sexual or Violent Offender Registry.  The Court's review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is generally confined to the pleadings. *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011).  However, the court may take judicial notice of matters of public record, including documents on file in state and federal courts without converting a motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir.2012).

[2] North Dakota's Aggravated Assault Statute, which Beggs was convicted under, does not reference sexual misconduct.  The statute provides:
   [A] person is guilty of a class C felony if that person:
   a.    Willfully causes serious bodily injury to another human being;
   b.    Knowingly causes bodily injury or substantial bodily injury to another human being with a dangerous weapon or other

he is listed on the Montana Sexual or Violent Offender Registry. The Registry identifies Beggs' "Offender Type" as "Violent." The Registry does not identify Beggs as a sexual offender.

Beggs requested that Defendants cease publishing false information showing him as a sex offender. But Defendants continued to identify Beggs as a sex offender until after this action was filed. Beggs alleges that Defendants acted "recklessly and with actual malice." Beggs asserts that because of Defendants' false publication, he has been threatened with physical violence, and has been exposed to hatred, contempt, ridicule, and shunning within his community.

On October 8, 2019, Beggs filed this lawsuit. (Doc. 1.) Thereafter, he filed an Amended Complaint alleging claims for defamation by libel (Count I); negligent and intentional infliction of emotional distress (Count II); and punitive damages (Count III). Defendants now move to dismiss Count III.

///

///

---

        weapon, the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury;
c. Causes bodily injury or substantial bodily injury to another human being while attempting to inflict serious bodily injury on any human being; or
d. Fires a firearm or hurls a destructive device at another human being.

N.D.C.C. § 12.1-17-02.

## II.   ANALYSIS

### A.   Legal Standards

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).  The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint.  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).  A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations

in the light most favorable to the nonmoving party. *Wyler Summit P'ship*, 135 F.3d at 661.

## B. Whether Beggs has Stated a Plausible Punitive Damages Claim

Defendants argue Beggs has failed to allege sufficient facts to support his punitive damages claim. At this stage of the proceedings, however, the Court finds Beggs has stated a plausible claim for punitive damages.

Under Montana law, punitive damages may be awarded "when the defendant has been found guilty of actual fraud or actual malice." Mont. Code Ann. § 27-1-221(1). Beggs alleges punitive damages are warranted based on Defendants' actual malice.

Actual malice exists where the defendant:

has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff and:

  (a) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff, or

  (b) deliberately proceeds to act with indifference to the high probability of injury to the plaintiff.

Mont. Code Ann. § 27-1-221(2).

Here, Beggs alleges he notified Defendants that they had inaccurately identified him as a sex offender, and requested that they cease publishing the false information. (Doc. 7 at ¶ 16.) Beggs alleges that despite his request, Defendants persisted in incorrectly labeling him as a sex offender until after he filed this

5

lawsuit.  (*Id.* at ¶ 17.)  Beggs further alleges he suffered injury as a result of being misidentified as a sex offender.  (*Id.* at ¶¶ 18-21.)

It can reasonably be inferred from the allegations that Defendants knew or intentionally disregarded the fact their website contained incorrect information about Beggs.  Further, Defendants' alleged delay in correcting their website plausibly shows Defendants acted with indifference and/or conscious or intentional disregard for the high probability that Beggs would suffer injury as a result of being falsely identified as a sex offender.

Drawing all reasonable inferences from the allegations in Beggs' favor, the Court finds it is at least plausible that Beggs could prove Defendants acted with actual malice.  Accordingly, the Court recommends that Defendants' motion to dismiss the punitive damages claim be denied.

### III.  CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Defendants' Partial Motion to Dismiss (Doc. 13) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies

served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

    **IT IS ORDERED**.

    DATED this 12th day of May, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge